**ASK LLP**
Joseph L. Steinfeld, Jr., Esq.
Kesha L. Tanabe, Esq.
Gary D. Underdahl, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
**Telephone**: (651) 406-9665 **Fax** (651) 406-9676

Edward E. Neiger, Esq.
151 West 46th Street, 4th Floor
New York, NY  10036
**Telephone**: (212) 267-7342   **Fax** (212) 918-3427

Attorneys for Plaintiff Devices Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 13-74303 (AST) |
| Personal Communications Devices, LLC, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |
| Devices Liquidation Trust, Plaintiff, | |
| v. | |
| Dickstein Shapiro LLP, Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547, 548, 549, AND 502 AND TO RECOVER**
**PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Plaintiff Devices Liquidation Trust (the "Trust"), as successor in interest of the estates of

Personal Communications Devices, LLC and Personal Communication Devices Holdings, LLC,

the liquidated debtors in the above captioned cases (the "Debtors"), by and through undersigned

counsel, files this complaint (the "Complaint") to avoid and recover transfers from Dickstein

Shapiro LLP (the "Defendant"), and hereby alleges upon information and belief as follows:

## NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover pursuant to 11 U.S.C. §§ 547 and 550, respectively, all preferential transfers of property that occurred during the 90-day period prior to and including the Petition Date (defined hereinafter), from Defendant, or from any other person or entity for whose benefit the transfers were made.  Subject to proof, pursuant to 11 U.S.C. § 548, Plaintiff also seeks to avoid and recover any transfers that constitute fraudulent conveyances, and pursuant to 11 U.S.C. § 549, any unauthorized transfers that cleared after the Petition Date.

2.      To the extent Defendant filed a proof of claim, or is listed in the Debtors' schedules as a holder of an allowed claim, or if it has otherwise requested payment from the Debtors or their estates (collectively, "Claims"), Plaintiff seeks disallowance of such Claims. This Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to Claims for any reason including, but not limited to 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this adversary proceeding, which arises under and relates to the Debtors' cases under title 11, in the United States Bankruptcy Court for the Eastern District of New York (the "Court"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are: 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); more specifically, 11 U.S.C. §§ 502, 547, 548, 549, and 550 ("Chapter 5"); and, Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

7.      The Debtors each filed voluntary petitions seeking relief in this Court under chapter 11 of the Bankruptcy Code on August 19, 2013 (the "Petition Date").

8.      On August 21, 2013, the Court entered an order authorizing joint administration pursuant to Bankruptcy Rule 1015(b) [Bankr. Docket No. 32].[1]

9.      On February 11, 2014, Debtors filed the First Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [Bankr. Docket No. 319] (the "Plan").[2]

10.     On April 29, 2014, the Court confirmed the Plan [Bankr. Docket No. 421] (the "Confirmation Order").

11.     The effective date of the Plan occurred on May 20, 2014 (the "Effective Date"). [Bankr. Docket No. 427]

12.     In accordance with the Plan and Confirmation Order, a Liquidating Trust Agreement (the "Trust Agreement") was executed as of the Effective Date.

---

[1] All docket items referenced are from Case No. 13-74303, under which the bankruptcy cases are jointly administered.

[2] Capitalized terms used hereinafter and not otherwise defined shall have the meanings assigned to such terms in the Plan.

## THE PARTIES

13.     Plaintiff Trust was created pursuant to the Plan.  Specifically, under Section 8.12 of the Plan, all of the Debtors' causes of action, including their causes of action under Chapter 5 of the Bankruptcy Code, vested in the Trust on the Effective Date.  Wilmington Trust, N.A., was appointed to serve as Trustee of the Trust and authorized, among other things, to prosecute, compromise, settle or otherwise resolve the Debtors' causes of action on behalf of the Trust. [Bankr. Docket No. 396].

14.     Prior to the Petition Date, Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("Holdings") were a Delaware limited liability companies with headquarters in Hauppauge, New York.  PCD is wholly owned by Holdings.  Debtors were wireless telecommunications companies prior to the Petition Date, as described in greater detail below.

15.     Upon information and belief, at all relevant times, Defendant provides legal services. Upon further information and belief, Defendant's principal place of business is located at 1825 Eye Street NW, Washington, DC 20006.  Upon information and belief, Defendant is a partnership residing in and subject to the laws of the State of District of Columbia.

## FACTUAL BACKGROUND

16.     Prior to the Petition Date, PCD was a leading distributor of wireless communication devices and accessories, as well as a provider of value-added services to wireless device manufacturers and telecom carriers.  Collectively, Debtors acted as a critical intermediary between domestic wireless carriers and various foreign, generally smaller market, wireless handset manufacturers.

17.    In that role, PCD provided product planning, logistics, reverse logistics, and after-market services designed to benefit and streamline the path to the end user for all sides of the wireless device supply chain.

18.    In the ordinary course of business, Debtors maintained business relationships with various parties through which the Debtors regularly purchased, sold, received, and/or delivered goods and services related to their core telecommunications business.

19.    Historically, the Debtors utilized a centralized cash management system (the "Cash Management System") to collect funds from and for, and to pay expenses incurred by such operations.

20.    The Cash Management System includes four bank accounts held in the name of PCD at JPMorgan Chase Bank, N.A., including Controlled Disbursement Account number xxxxx0582 and Operating Account number xxxxx0608 (collectively the "Bank Accounts").

21.    Debtors drew upon the Bank Accounts to pay their vendors, suppliers and distributors, including Defendant.

22.    During the 90-day period prior to the Petition Date, beginning on May 21, 2013 through and including August 19, 2013 (the "Preference Period"), the Debtors continued to operate their business, seeking goods and services from and making payments by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise to vendors, suppliers and distributors, including the Defendant.

23.    The business relationship between Debtors and Defendant is evidenced by invoices, communications and other documents (collectively, "Agreements").

24.    On account of such Agreements, Debtors made transfer(s) of an interest in the Debtors' property, to or for the benefit of Defendant, during the Preference Period in an amount

not less than $77,660.77 (the "Transfer" and/or "Transfers").  Details of the Transfers are set forth on the Statement of Account attached as <u>Exhibit A</u> and incorporated by reference.  Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

25.      During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest in Debtors' property, to or for the benefit of Defendant or any other transferee.  Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants; and/or (v) additional causes of action, including without limitation actions under 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, "Amendments").  The date of any Amendments shall relate back.

## CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

26.      Plaintiff repeats the allegations above as if fully set forth herein.

27.      Each Transfer was made to Defendant by the Debtor(s) identified on <u>Exhibit A</u> under the column titled "Debtor Transferor(s)."

28.      Each Transfer was paid from the Bank Accounts described above.

29.      Each Transfer constituted a transfer of an interest in property of the Debtor(s).

30.      At the time each Transfer was made, Defendant was a creditor of the Debtor(s) identified on <u>Exhibit A</u> under the column heading "Debtor Incurring Antecedent Debt" by

virtue of supplying goods and/or services.  Debtor(s) were obligated to pay Defendant for such goods and/or services in accordance with the Agreements.

31.    Each Transfer to Defendant either reduced or fully satisfied debt(s) owed by Debtor(s) identified on <u>Exhibit A</u> under the column heading "Debtor(s) Incurring Antecedent Debt".

32.    Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

33.    Each Transfer was made during the Preference Period.

34.    As a result of each Transfer, Defendant received more than it would have received if: (i) the Debtors' cases were administered under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.  Debtors' liabilities as of the Petition Date far exceeded their assets; under the Plan, holders of allowed unsecured claims will not receive a distribution equal to the value of their claims.

35.    In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36.    Plaintiff repeats the allegations above as if fully set forth herein.

37.    To the extent one or more of the Transfers identified on <u>Exhibit A</u> was not made on account of an antecedent debt, or it was a prepayment for goods and/or services subsequently

received, Plaintiff pleads in the alternative Debtors did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

      A.      Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

      B.      Debtor was engaged, or about to engage, in business or a transaction for which its capital was an unreasonably small; or

      C.      Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

38.      In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (Avoidance of Unauthorized Post-Petition Transfers – 11 U.S.C. § 549)

39.      Plaintiff repeats the allegations above as if fully set forth herein.

40.      To the extent any of the Transfer(s) made by Debtor(s) to Defendant cleared the Bank Account(s) after the Petition Date (the "Post-Petition Transfers") and were not authorized by the Court or under the Bankruptcy Code, Plaintiff pleads in the alternative such Post-Petition Transfers are avoidable pursuant to 11 U.S.C. § 549.

## COUNT IV

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

41.      Plaintiff repeats the allegations above as if fully set forth herein.

42.      Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and/or any Post-Petition Transfers pursuant 11 U.S.C. § 549 (collectively, "Avoidable Transfers").

43.     Defendant was the initial transferee of Avoidable Transfers, or the immediate or mediate transferee of such initial transferee, or the entity for whose benefit Avoidable Transfers were made.

44.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount equal to the Avoidable Transfers, plus interest thereon to the date of payment, and the costs of this action.

## COUNT V

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

45.     Plaintiff repeats the allegations above as if fully set forth herein.

46.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

47.     Defendant is a transferee of transfers avoidable under 11 U.S.C. §§ 547, 548, and/or 549.

48.     Defendant has not satisfied its liability for the Avoidable Transfers or turned over such property for which Defendant is liable under 11 U.S.C. § 550.

49.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee against Debtors or Plaintiff must be disallowed until such time as Defendant pays Plaintiff an amount equal to the Avoidable Transfers, plus interest thereon and costs.

50.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant and/or its assignee against Debtors or Plaintiff must be reconsidered and disallowed, even if such Claims were previously allowed by the Debtors or Plaintiff, until such time as Defendant pays Plaintiff an amount equal to the Avoidable Transfers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment as follows:

A.    On the First Cause of Action, that the Court find all of the Transfers made during the Preference Period, as set forth in <u>Exhibit A,</u> to be avoidable under 11 U.S.C. § 547;

B.    On the Second Cause of Action, that the Court find all of the Potentially Fraudulent Transfers, as set forth in <u>Exhibit A,</u> to be avoidable under 11 U.S.C. § 548;

C.    On the Third Cause of Action, that the Court find all of the Post-Petition Transfers, as set forth in <u>Exhibit A,</u> to be avoidable under 11 U.S.C. § 549;

D.    On the Fourth Cause of Action, that the Court find Defendant liable under 11 U.S.C. § 550 to Plaintiff for not less than $77,660.77, the aggregate amount of the Avoidable Transfers;

E.    On the Fifth Cause of Action, that the Court disallow any Claims held by Defendant or its assignee(s) until its liability to Plaintiff for the Avoidable Transfers has been satisfied, in accordance with 11 U.S.C. § 502(d) and (j);

F.    On all Causes of Action, an award for pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment herein;

G.    On all Causes of Action, an award for post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

H.      On all Causes of Action, an award for costs and expenses; and

I.      For such other and further relief as the Court may deem just and proper.

Dated:    April 1, 2015

By:     **ASK LLP**

<u>/s/  Kesha L. Tanabe</u>
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kesha L. Tanabe, Esq., MN SBN 0387250, NY SBN 4369112
Gary D. Underdahl, Esq., MN SBN 0301693
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665  ext. 857
Fax: (651) 406-9676
e-mail: gunderdahl@askllp.com

and

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

***Counsel to Plaintiff Devices Liquidation Trust***