DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
Evan J. Zucker

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re:**

|  |  |
|---|---|
| **PERSONAL COMMUNICATIONS** | Chapter 11 |
| **DEVICES, LLC, ET AL.,** | **Case No. 13-74303 (AST)** |
|  | **(Jointly Administered)** |
| **Debtors.** |  |

-----------------------------------------------------------------x
**DEVICES LIQUIDATION TRUST,**

                                    **Plaintiff,**

                                                        **Adv. Pro. No. 15-08090 (AST)**

        **v.**
                                                        **JURY TRIAL DEMANDED**

**DICKSTEIN SHAPIRO LLP,**

                                    **Defendant.**
-----------------------------------------------------------------x

## ANSWER

        Dickstein Shapiro LLP ("Defendant"), as and for its answer to the Complaint to Avoid

Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 502 and to Recover Property Transferred

Pursuant to 11 U.S.C. § 550 (the "Complaint") of Plaintiff, Devices Liquidation Trust (the

"Plaintiff"), as successor in interest of the estates of Personal Communications Devices, LLC

and Personal Communication Devices Holdings, LLC (the "Debtors"), alleges and states as

follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against the Defendant.

## SECOND DEFENSE

Certain of the transfers made by the Debtors are not avoidable because each such transfer was intended by the Debtors and the Defendant to be a contemporaneous exchange for new value given to the Debtors, and was in fact a substantially contemporaneous exchange, within the meaning of 11 U.S.C. § 547(c)(1).

## THIRD DEFENSE

Certain of the transfers made by the Debtors are not avoidable because they were made in the ordinary course of business or financial affairs and according to ordinary business terms within the meaning of 11 U.S.C. § 547(c)(2).

## FOURTH DEFENSE

Certain of the transfers made by the Debtors are not avoidable because after such transfers Defendant gave new value to or for the benefit of the Debtors within the meaning of 11 U.S.C. § 547(c)(4).

## FIFTH DEFENSE

The Debtors received reasonably equivalent value by, *inter alia*, satisfying antecedent debts by the Debtors in consideration for the transfers identified in Exhibit A to the Complaint.

## SIXTH DEFENSE

The Defendant, as recipient of the transfers identified in Exhibit A to the Complaint, took for value and in good faith within the meaning of Section 548(c) of the Bankruptcy Code.

## SEVENTH DEFENSE

The Bankruptcy Court lacks jurisdiction over the claims set forth in the Complaint.  The

Defendant does not consent to the entry of any final order or judgment by the Bankruptcy Court.

## EIGHTH DEFENSE

Defendant responds to the numbered paragraphs in the Complaint as follows:

1.      Paragraph 1 of the Complaint sets forth a summary of this adversary proceeding

to which no answer by Defendant is required; to the extent an answer is required, Defendant

denies that the Plaintiff is entitled to the relief described in paragraph 1 of the Complaint, or to

any relief against Defendant.

2.      Paragraph 2 of the Complaint sets forth a summary of certain relief sought by

Plaintiff to which no answer by Defendant is required; to the extent an answer is required,

Defendant denies that the Plaintiff is entitled to the relief described in paragraph 2 of the

Complaint, or to any relief against Defendant.  Further answering, Defendant states that it has not

filed a proof of claim or otherwise requested payment from the Debtors' estates.

3.      Defendant denies the allegations in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint sets forth Plaintiff's characterization of this action and

other conclusory statements, to which no answer by Defendant is required; to the extent an answer is

required, the statements in paragraph 4 of the Complaint are denied.

5.      Defendant admits that the claims asserted by Plaintiff are defined as "core"

matters under 28 U.S.C. § 157(b)(2).  Defendant denies each and every remaining allegation in

paragraph 5 of the Complaint.  Further answering, Defendant does not consent to entry of final

orders or judgment by the Bankruptcy Court.

6.      Defendant admits the allegation in paragraph 6 of the Complaint.

7.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 8 of the Complaint.

9.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 9 of the Complaint.

10.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 10 of the Complaint.

11.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 11 of the Complaint.

12.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 12 of the Complaint.

13.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 13 of the Complaint.

14.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 14 of the Complaint.

15.      Defendant admits the allegations in paragraph 15 of the Complaint.

16.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 16 of the Complaint.

17.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 17 of the Complaint.

18.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 22 of the Complaint.

23.     Defendant admits the allegations in paragraph 23 of the Complaint.

24.     Answering paragraph 24 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint.  Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint sets forth Plaintiff's reservation of rights and legal conclusions to which no answer is required; to the extent an answer is required, the statements in paragraph 25 of the Complaint are denied.

26.     Defendant incorporates by reference its answers to paragraphs 1-25 of the Complaint, and any and all preceding unnumbered paragraphs of the Complaint, as if set forth herein.

27.     Answering paragraph 27 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint.  Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint.  Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint.  Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 29 of the Complaint.

30.     Answering paragraph 30 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint, admits that it was a creditor of Personal Communications Devices, LLC by virtue of supplying services, and admits that Personal Communications Devices, LLC was obligated to pay Defendant for such services. Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 30 of the Complaint.

31.     Answering paragraph 31 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint, admits that it was a creditor of Personal Communications Devices, LLC by virtue of supplying services, admits that Personal Communications Devices, LLC was obligated to pay Defendant for such services, and admits such payments reduced or fully satisfied the obligations of Personal Communications Devices, LLC to pay for such services.  Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 31 of the Complaint.

32.     Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in the first sentence of paragraph 32 of the Complaint.  The

statement in the second sentence of paragraph 32 sets forth a legal conclusion to which no answer is required.

33.     Answering paragraph 33 of the Complaint, Defendant admits that it received payments that are identified in Exhibit A to the Complaint.  Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, each of the remaining allegations in paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 35, or to any relief, against Defendant.

36.     Defendant incorporates by reference its answers to paragraphs 1-35 of the Complaint, and any and all preceding unnumbered paragraphs of the Complaint, as if set forth herein.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

    A.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 37.A. of the Complaint.

    B.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 37.B. of the Complaint.

    C.      Defendant lacks knowledge or information sufficient to admit or deny, and therefore denies, the allegations in paragraph 37.C. of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 38, or to any relief, against Defendant.

39.      Defendant incorporates by reference its answers to paragraphs 1-38 of the Complaint, and any and all preceding unnumbered paragraphs of the Complaint, as if set forth herein.

40.      Defendant denies the allegations in paragraph 40 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 40, or to any relief, against Defendant.

41.      Defendant incorporates by reference its answers to paragraphs 1-40 of the Complaint, and any and all preceding unnumbered paragraphs of the Complaint, as if set forth herein.

42.      Defendant denies the allegations in paragraph 42 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 42, or to any relief, against Defendant

43.      Defendant denies the allegations in paragraph 43 of the Complaint.

44.      Defendant denies the allegations in paragraph 44 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 44, or to any relief, against Defendant.

45.      Defendant incorporates by reference its answers to paragraphs 1-44 of the Complaint, and any and all preceding unnumbered paragraphs of the Complaint, as if set forth herein.

46.      Defendant denies the allegations in paragraph 46 of the Complaint.

47.      Defendant denies the allegations in paragraph 47 of the Complaint.

48.      Defendant denies the allegations in paragraph 48 of the Complaint.

49.      Defendant denies the allegations in paragraph 49 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 49, or to any relief, against Defendant.

50.      Defendant denies the allegations in paragraph 50 of the Complaint and denies that the Plaintiff is entitled to the relief described in paragraph 50, or to any relief, against Defendant.

## DEMAND FOR JURY TRIAL

51.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, the Defendant hereby demands a trial by jury for all issues in this adversary proceeding. Defendant does not consent to the conduct of the jury trial by the bankruptcy judge.

WHEREFORE, having fully answered the Complaint, Defendant prays that all of Plaintiff's claims against Defendant be dismissed with prejudice, that judgment be granted in favor of Defendant and against Plaintiff with respect to the relief requested in the Complaint, that Defendant be awarded its costs of suit, and that Defendant be granted such other and further relief as just and appropriate under the circumstances.

Dated: New York, New York
       May 4, 2015

                                        DICKSTEIN SHAPIRO LLP

                              By:    /s/ Evan J. Zucker
                                     Evan J. Zucker
                                     Dickstein Shapiro LLP
                                     1633 Broadway
                                     New York, New York 10019-6708
                                     Telephone:    (212) 277-6500
                                     Facsimile:    (212) 277-6501

## <u>CERTIFICATE OF SERVICE</u>

I, Evan J. Zucker, hereby certify that on May 4, 2015, I caused true and correct copies of the foregoing *Answer* to be served by operation of the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of New York (the "**ECF System**") upon registered users of the ECF System and via United States First Class Mail on the parties listed below:

Kendra K Bader, Esq.
ASK LLP
2600 Eagan Woods Drive
Suite 400
St Paul, MN 55121

Edward E. Neiger, Esq.
ASK LLP
151 West 46th Street, 4th Floor
New York, NY 10036

*Counsel for Plaintiffs*


Dated:  New York, New York
        May 4, 2015

                                            /s/ Evan J. Zucker
                                            Evan J. Zucker